FILED
RIOR COURT
OF GUAM

DEC 10 AM 8: 54

CLERK OF COURT
BY:




## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>    Plaintiffs.<br><br>    vs.<br>FRANCISCO TORRES, Individually and<br>as the Previous Special Administrator and<br>Now Executor of the Estate of Jesus U.<br>Torres, Deceased and PETER F. PEREZ,<br><br>    Defendants.<br><br>DANIEL U. TORRES and BARBARA M.<br>DeMELLO, TRUSTEE UNDER THE<br>ESTEBAN TORRES FAMILY TRUST<br>DATED MAY 12, 1995<br><br>    Intervenor Plaintiffs.<br><br>    vs.<br>ROSARIO S. BAUTISTA and<br>MANUEL C. SHOLING,<br><br>    Defendants,<br><br>    And<br>GLORIA C. SHOLING,<br><br>    Third-Party Defendant. | Civil Case No. CV0471-07<br><br><br>DECISION AND ORDER: Plaintiffs' First<br>Amended Motion for Leave to File Fourth<br>Amended Complaint |

## INTRODUCTION

This matter came before the court on the plaintiffs' First Amended Motion for Leave to File Fourth Amended Complaint. Upon review of the evidence, written arguments, and legal

**ORIGINAL**

authorities presented, the court hereby issues this Decision and Order DENYING the plaintiffs' motion.

## BACKGROUND

On April 23, 2007, plaintiffs filed a complaint against the defendants for breach of fiduciary duty, rescission and restitution, deceptive trade practices, and negligence. This action arose from a 1987 retainer agreement between Ms. Ana Sholing (deceased) and Attorney Jesus U. Torres (deceased) in which Attorney Torres would provide legal services in exchange for ten percent of the monthly rental earnings from the Pacific Island Club Property for a period of twenty five years. Plaintiffs allege improprieties in the handling of plaintiffs' business and financial affairs by Attorney Torres and, following his death, by Defendant Perez.

On May 7, 2007 plaintiffs filed their first amended complaint. Defendants jointly moved to dismiss and the court partially granted the motion, dismissing counts 1-4 with leave to amend. Plaintiffs filed a second amended complaint on March 13, 2009. Defendants moved to dismiss on March 30, 2009 on the grounds that the complaint contained unauthorized amendments. In response, plaintiffs again sought leave to file a third amended complaint, which the court granted on July 9, 2009. Plaintiffs filed their third amended complaint the next day. On May 10, 2010, Defendant Perez moved for summary judgment, claiming, among other grounds, that plaintiffs' claims were time barred by the statute of limitations. Plaintiffs once again sought to amend their complaint on May 13, 2010. This court granted summary judgment for Defendant Perez on April 17, 2013. Plaintiffs' motion to amend their complaint for a fourth time was denied on February 17, 2014. On July 15, 2014, Defendant Torres moved for summary judgment on the same grounds as Defendant Perez. This court granted summary

judgment in favor of Defendant Torres on October 13, 2014. Plaintiffs' now seek a decision as to their amended request for leave to file a fourth amended complaint.

## DISCUSSION

This court has already denied the plaintiffs leave to amend their complaint for a fourth time. Dec. and Order Plf.s' Mot. for Leave to File Fourth Am. Compl., (Feb. 17, 2014). However, plaintiffs claim that, because they had amended their motion for leave prior to denial, their motion is still pending and requires resolution. As this court explained in its decision and order granting Defendant Torres summary judgment:

> the Court has already denied Plaintiffs leave to file any further complaints. [citation]. While the Court indeed found futility with regard to Defendant Perez, it also found that Plaintiffs' inordinate amount of attempts to amend their complaint itself constituted prejudice as to both Defendant Perez and Defendant Torres. *Id.* at 4-5 (citing *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980); *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005)). Thus, the Court made clear that Plaintiffs may make no further amendments to their complaint in this action and, despite any ambiguity in its title, the February 17, 2014 Order constituted a Denial of Plaintiffs amended motion for leave to amend their complaint for a fourth time.

Dec. and Order, Def. Francisco Torres' Mot. for Summ. J., at 10 (Oct. 13, 2014) Nonetheless, in the interest of judicial clarity, the court will again articulate its reasons for denying the plaintiffs' another amendment to their complaint.

Guam Rule of Civil Procedure 15 defines the appropriate standard for granting leave to amend a pleading after the first modification: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." G.R.C.P. 15. Because this rule is based on Federal Rule of Civil Procedure 15, the court may look to relevant federal case law to interpret the Guam statute. *See* Fed. R. Civ. P. 15 (a) (2); *Farmer v. Slotnick*, 1996 WL 104527.

These rules state that "leave shall be freely given when justice so requires." *Id.* Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem.*

*Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969). A court may deny leave to amend a complaint because of "undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981). (citing Foman, 371 U.S. at 182). Discretion to deny amendment is particularly broad where, as here, "the court has already given a plaintiff one or more opportunities to amend his complaint" *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).

**Futility**

As discussed in the Decision and Order denying plaintiffs motion to file their fourth amended complaint, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). As explained, the amendment sought by plaintiffs in this case would most certainly be futile. A case in which neither the complaint nor the motion for leave to amend was filed within the limitations period is by definition futile, since all claims are barred. *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005). This court has already granted motions for summary judgment in favor of both defendants Perez and Torres based on the fact that the statute of limitations for the causes of action sought had run prior to the commencement of plaintiffs' suit. *See* Dec. and Order, Def. Perez's Mot. for Summ. J., (Apr. 17, 2013); Dec. and Order, Def. Francisco Torres' Mot. for Summ. J., (Oct. 13, 2014). As this defect cannot be cured by any subsequent changes, leave to amend would be futile to adjudication and the court may deny it. Further, because dispositive

motions for summary judgment have already been granted for both defendants, plaintiffs' motion to amend has become moot. *Richards v. Wells Fargo Bank, N. A.*, A13A1678, 2014 WL 503626 (Ga. Ct. App. Feb. 10, 2014) (outside of independent compulsory counterclaims, a motion for summary judgment which resolves all issues renders other motions moot); *see also Roberts v. Jones*, 2012 WL 1072232 (W.D. Okla. Feb. 28, 2012) (citing *Royhouse v. Miller,* 2008 WL 2704611, Westlaw op. at 1, 4 & n. 7 (W.D. Okla. June 30, 2008)); *Cheetah Lounge, Inc. v. Sarasota Cnty.*, 387 S.W.3d 10, 14 (Tenn. Ct. App. 2012)

## Prejudice

This court must also refuse leave to amend for the independent reason that it would result in substantial prejudice towards both defendants. This is the most important and heavily weighed factor in determining whether amendment is appropriate. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981). As this court explained in its earlier decision:

> Federal case law holds that a Court may not grant leave to amend after defendants have made a successfully dispositive motion. *Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D. N.C. 1987) ("To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendants"); *Union Planters National Leasing*, Inc. v. Woods,687 F.2d 117, 121 (5th Cir. 1982)("after summary judgment has been granted, the court has more reason for refusing to allow amendment"). Thus, once a court has decided a dispositive motion not based upon an issue which a plaintiff seeks to amend, the prejudice resulting from amendment to the complaint renders modification impossible. *Kartman v. Markle*, 5:10CV106, 2013 WL 4829314 (N.D.W. Va. Sept. 10, 2013) (citing *Forstmann* 114 F.R.D. at 88). As discussed, this Court has already granted a dispositive motion for summary judgment based upon an incurable violation of the statute of limitations. Additionally, the mere fact that there were many previous efforts to amend may be sufficient to demonstrate prejudice. *Abels*, 229 F.R.D. at 156 (citing *Mir*, 646 F.2d at 347). Accordingly, further amendment is unduly prejudicial to the Defendants and therefore, Plaintiffs' request must be denied.

## CONCLUSION

Based on the foregoing reasons, the court DENIES the plaintiffs' First Amended Motion for Leave to File Fourth Amended Complaint.

**SO ORDERED** this _10th_ day of <u>DECEMBER</u>, 2014.

<u>HONORABLE KATHERINE A. MARAMAN</u>
Judge, Superior Court of Guam